**Baldomero ORTEGON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43128.**

Court of Criminal Appeals of Texas.

Oct. 21, 1970.

Rehearing Denied Dec. 2, 1970.

M. Gabriel Nahas, Jr., King C. Haynie, Houston, for appellant.

Carol C. Vance, Dist. Atty., James C. Brough and Ray Montgomery, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is murder with malice; the punishment, assessed by the court after a verdict of guilty, 20 years.

The State's evidence reflects that the appellant shot and killed the deceased, Alfredo Castillo, in Ray's Lounge in the city of Houston on June 8, 1968. The two men apparently did not know each other and saw each other for the first time on the occasion in question. The cause of death was shown to be a gunshot wound of the chest.

Felix Beltran, manager of the lounge, testified he saw the appellant in the lounge around 9 p. m. some 45 minutes or so before the killing; that he observed that appellant had a pistol stuck under his belt which he later pulled and pointed at Beltran and grinned. Beltran related he left the lounge and called the police from another business establishment and returned to the lounge. When the police did not arrive, he called them again. Upon his second return, he saw the appellant, who had been pointing the pistol at other customers, walk towards the restroom while checking the pistol or putting bullets in it. After the appellant emerged from the restroom, he stood near the juke box. The deceased, who had entered the lounge only minutes before, then asked him in Spanish "What is wrong with you?" Whereupon the appellant shot the deceased, who was only three feet away. The other customers then struggled with the appellant, attempting to disarm him which resulted in one of them, Santos Hernandez, Jr., being shot in the hand. The appellant was disarmed and the pistol was recovered by the police, who took the appellant to a hospital as a result of the injuries received in the struggle.

There was other testimony corroborating Beltran's testimony.

The appellant, testifying in his own behalf, admitted he had a gun in his possession on the night in question but stated that after playing pool in the lounge he went to the bar to order a beer and that someone struck him in the head, rendering him unconscious—in which condition he remained until he awoke in the hospital the next morning. He denied shooting anyone.

Appellant contends the conviction cannot be sustained since there is no evidence of malice. We do not agree.

"Under the decisions of this court, proof of the intentional shooting of one with a gun is sufficient to authorize a jury to find that the shooting was actuated by malice. Beasley v. State, 171 Tex.Cr.R. 115, 346 S.W.2d 123; Bell v. State, Tex. Cr.App., 398 S.W.2d 133. Malice does not require any specific length of time for its germination or growth but may be formed immediately before the act is committed and can arise instantly. Johnson v. State, Tex.Cr.App., 401 S.W.2d 837." Sloan v. State, Tex.Cr.App., 409 S. W.2d 412.

The facts and circumstances proved were sufficient to sustain the jury's verdict.

Next, appellant complains the court erred, despite his timely objection, in failing to charge on the issue of murder without malice.

The appellant testified he was knocked unconscious and did not shoot anyone, and we have searched the State's evidence and find nothing to support the submission of such a charge. The appellant does not call our attention to any testimony in the record which would justify such a charge.

In 29 Tex.Jur.2d, Homicide, Sec. 279, p. 514, it is written:

"If evidence raises the issue, the defendant is entitled to an instruction on the law of murder without malice. But a charge of murder without malice need not be given unless the facts present the issue."

There being no evidence that appellant acted under the immediate influence of sudden passion arising from an adequate cause, the contention is without merit. See Allen v. State, 169 Tex.Cr.R. 318, 333 S.W. 2d 855, where defendant testified he remembered nothing which occurred.

Lastly, appellant contends the court erred in refusing to allow the jury to assess the punishment.

On the day of trial the State filed a written motion that it would not seek the death penalty. See Article 1.14, Vernon's Ann.C. C.P. On the same date prior to trial the appellant filed a sworn motion for probation praying that the "court or jury in this case" grant probation and stating he had never been convicted of a felony. The following day at the time of entering his plea of not guilty, the appellant personally in writing requested the court to assess punishment in the event the jury returned a verdict of guilty. After the jury had been deliberating for some time on the issue of guilt and after they had sent several questions to the court, the appellant then asked to change his election to which request the State did not consent. The motion was overruled.

 It is appellant's claim that his motion for probation made it mandatory that the jury assess punishment and the court erred in failing to permit the issue of punishment to be submitted to the jury.

Article 37.07, Sec. 2(b) V.A.C.C.P. reads as follows:

"If a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that (1) in capital cases where the state has made it known in writing prior to trial that it will seek the death penalty, (2) in any criminal action where the jury may recommend probation and the defendant filed his sworn motion for probation before the trial began, and (3) in other cases where the defendant so elects in writing at the time he enters his plea in open court, the punishment shall be assessed by the same jury. If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment."

As we view it, the written request to have the judge assess punishment had the effect of withdrawing any request there may have been for the jury to consider the issue of probation and constituted a waiver thereof.

We perceive no error. See Green v. State, Tex.Cr.App., 433 S.W.2d 435.

The judgment is affirmed.