TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00580-CR







Bobby Ray Holts, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 52,194, HONORABLE C. W. DUNCAN, JR., JUDGE PRESIDING







A jury found appellant Bobby Ray Holts guilty of aggravated assault and assessed his
punishment, enhanced by a previous felony conviction, at imprisonment for twenty years and a
$2000 fine. See Tex. Pen. Code Ann. § 22.02 (West 1994). Appellant contends the district court
erred by refusing to instruct the jury on the law of self-defense or, alternatively, that his trial counsel
was ineffective for failing to properly raise and preserve the self-defense issue. Appellant also
contends the court erred by permitting the jury to assess punishment. We overrule these contentions
and affirm the conviction.

 This prosecution arose from an altercation at a Temple rooming house. Michael
Williams testified that he was outside the house when he heard someone pounding on a door. He
went inside and saw appellant, who he knew had been instructed not to enter the building, standing
in the hallway. Williams went to the kitchen and called the police, then went to his room and armed
himself with a table leg. Williams returned to the hallway, told appellant he was trespassing, and
asked him to leave. A woman who was with appellant approached Williams with her hand in her
purse. Williams "stiff-armed" the woman to keep her away from him. With that, appellant attacked
Williams with a knife. Williams struck appellant's arm with the table leg, then dropped the table
leg and seized appellant's arm. During the struggle, Williams was knocked to the floor. Appellant
was on top of Williams, saying "I am going to stab you in your heart" and "I am going to kill you." 
Williams continued to hold appellant's arm to avoid being stabbed.

The complaining witness, Michael Ransburg, testified that he was in his room when
he heard the commotion. He went downstairs and found appellant sitting on Williams and
threatening to kill him, and Williams struggling to hold appellant's arm. Ransburg ran up behind
appellant, "secure[d] the knife, grabbed [appellant] around his neck, and we backed right up into a
corner like that." Ransburg began to move appellant toward the door, telling him he needed to leave
the building. Appellant struggled and threatened to cut Ransburg. As Ransburg forced appellant out
the door, appellant's arm came free and he cut Ransburg above the eye with his knife. At this point,
the police arrived and the fracas ended.

Appellant contends the district court erred by refusing to instruct the jury on the law
of self-defense. See Tex. Pen. Code Ann. § 9.31 (West Supp. 2002). (1) That law provides that a
person is justified in using force against another when and to the degree he reasonably believes the
force is immediately necessary to protect himself against the other's use or attempted use of unlawful
force. Id. Appellant, after reviewing the evidence summarized above, asserts that he "could have
reasonably believed that his use of deadly force was immediately necessary to protect himself from
Ransburg's unlawful use of deadly force against him, particularly in light of the concerted actions
of both Ransburg and Williams." (2)

We find no support in the record for appellant's assertion that Ransburg and Williams
were acting in concert. Furthermore, there is no evidence that Ransburg used unlawful force against
appellant. To the contrary, the record supports a finding that Ransburg was justified in using force
against appellant in defense of Williams. See Tex. Pen. Code Ann. § 9.33 (West 1994) (defense of
third person). In the absence of evidence that Ransburg was using unlawful force against appellant,
appellant was not entitled to claim that his use of force against Ransburg was justified by self-defense. (3) Point of error two is overruled.

Anticipating the possibility that we would overrule point two, appellant asserts in
point three that his trial counsel was ineffective because he failed to develop the evidence in such
a way as to entitle appellant to a self-defense instruction. Appellant argues that counsel should have
called him to testify "to what he observed and thought during this attack [and] why it was reasonable
from his point of view to conclude that his use of deadly force was necessary." Appellant asserts that
it cannot be reasonable trial strategy to rely upon a defense while offering no evidence raising the
defense.

There are many reasons why a defense attorney might choose not to call his client to
testify, and this is the very sort of strategic decision that appellate courts generally do not second-guess. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). In this case, we know
that appellant had at least one previous felony conviction, and counsel might have concluded that
whatever help appellant's testimony could have been in advancing a claim of self-defense would
have been outweighed by the impact of revealing his criminal record to the jury at the guilt-innocence stage. On this record, we cannot state that counsel's decision to proceed as he did was
outside the range of reasonable professional assistance. See id. Point of error three is overruled.

Finally, appellant urges that the district court erred by submitting the question of
punishment to the jury. In noncapital cases, the trial judge assesses punishment unless (1) the
defendant files a sworn motion for jury-recommended probation before trial begins or (2) the
defendant elects in writing before jury selection begins to have the jury assess punishment. Tex.
Code Crim. Proc. Ann. art. 37.07, § 2(b) (West Supp. 2002). After a finding of guilty, the defendant
may, with the State's consent, change his election of the one who assesses punishment. Id.

As appellant concedes, "there was great confusion concerning who was to assess the
punishment" in this case. Six weeks before trial began, appellant filed a written election asking that
the jury assess punishment in the event of a conviction. Two days later, appellant filed a written
election asking that the judge assess punishment. Before jury selection began, defense counsel made
a record of appellant's decision to reject the State's plea-bargain offer. In doing so, counsel stated
on the record that "you [appellant] have advised me that you, if convicted you would want this jury
to set your punishment." The prosecutor subsequently discussed punishment issues with the jury
panel during voir dire without objection or comment by appellant. At the charge conference after
evidence closed at the guilt-innocence stage, defense counsel told the court:


Mr. Holts and I filed with the Court defendant's election that the judge set
punishment in [the] event defendant [is] found guilty and at that same time we also
filed a document with the Court stating the defendant's election that the jury set
punishment in the event defendant [is] found guilty.


We proceeded with the election that the jury set punishment at Mr. Holts's
request at the beginning of this trial. Mr. Holts has now asked me to present to the
Court his desire to change that election from the jury setting the punishment in the
event we are found guilty to that the judge set punishment in the event the defendant
is found guilty.



Believing the motion was premature, the court deferred its ruling until after the jury returned a
verdict. After the jury found appellant guilty, the prosecutor informed the court that the State did
not consent to the change of election and the court accordingly overruled the motion. The
punishment phase of trial was thereafter held before the jury.

Appellant now argues that no change of election was required. Relying on the
opinion in Ortegon v. State, 459 S.W.2d 646, 648 (Tex. Crim. App. 1970), appellant contends his
written pretrial election to have the judge assess punishment had the effect of withdrawing his
previously filed election to have the jury assess punishment. Appellant goes on to argue that
counsel's subsequent oral statement that appellant elected jury punishment was ineffective because
it was not in writing as required by article 37.07, section 2(b). Therefore, concludes appellant, the
only legally effective election was that the judge assess punishment and it was error to submit
punishment to the jury.

Appellant did not make this argument below. To the contrary, appellant's position
at trial was that he had elected prior to trial to submit the question of punishment to the jury. It was
for that reason that appellant later asked for permission to change his pretrial election and submit the
question of punishment to the judge. Having asked the court to give effect to his election for jury
punishment, appellant is in no position to argue for the first time on appeal that this election was
void and that the only operative election was for the judge to assess punishment. See Tex. R. App.
P. 33.1(a)(1)(A) (preservation of error); Prytash v. State, 3 S.W.3d 522, 530-31 (Tex. Crim. App.
1999) (discussing concept of invited error). 

Even if appellant's contention is properly before us, it is without merit. In Ortegon,
the defendant originally filed a written motion for probation, but he later filed a written election that
the judge assess punishment. 459 S.W.2d at 648. After the jury had been deliberating his guilt for
some time and had sent out several questions, the defendant asked to change his election and have
the jury assess punishment in the event of a conviction. Id. The State did not consent and the
request was denied. Id. On appeal, the defendant argued that his motion for probation made it
mandatory that the jury assess punishment. The court rejected this argument, saying "the written
request to have the judge assess punishment had the effect of withdrawing any request there may
have been for the jury to consider the issue of probation and constituted a waiver thereof." Id. 
Citing this holding, appellant argues that his written pretrial request to have the judge assess
punishment had the effect of withdrawing his previous request that the jury assess punishment.

Appellant's argument would be more persuasive if he had done nothing more than
file the two written elections in the order that he did. But as appellant concedes, he announced
through counsel before jury selection began that he elected to have the jury assess punishment. This
announcement had the effect of reinstating appellant's earlier election to have the jury assess
punishment and distinguishes this case from Ortegon. Appellant argues to the contrary, pointing out
that article 37.07, section 2(b) requires that the jury election be in writing. But appellant's election
that the jury assess punishment was in writing; indeed, appellant had filed two written punishment
elections, one asking that the jury assess punishment and the other asking that punishment be
determined by the judge. Appellant's pretrial oral announcement merely designated which of the
two written punishment elections appellant wished to be operative. In fact, this is exactly the way
defense counsel characterized it when, at the close of evidence, he asked for permission to change
the election from jury to judge. Point of error one is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: May 16, 2002

Do Not Publish
1. In his brief, appellant argues that he was entitled to an instruction on the use of deadly force
in self-defense. See Tex. Pen. Code Ann. § 9.32 (West Supp. 2002). At trial, however, he asked
only for an instruction on the use of force in self-defense.
2. There was also evidence that an unidentified person struck appellant with a mop while
Ransburg was attempting to wrestle him out the door. There is no evidence that this person was
acting in concert with either Williams or Ransburg.
3. Nor is there evidence that Ransburg used deadly force against appellant, further disentitling
appellant from using deadly force. See Tex. Pen. Code § 9.32(a)(3)(A).