

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-12-00520-CR

CLIFTON LEE WESLEY A/K/A                  APPELLANT
CLIFTON L. WESLEY

V.

THE STATE OF TEXAS                                 STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Clifton Lee Wesley a/k/a Clifton L. Wesley appeals from the trial court's judgment convicting him of first degree felony murder and sentencing him to forty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background Facts

Appellant met the victim, Preston Hunt, and Hunt's girlfriend, Tamela Robinson, in September 2011, at the apartment complex where Hunt and Robinson lived. Appellant returned to the apartments the next day, knocked on Hunt's door and entered the apartment. Appellant, Hunt, and Robinson smoked crack cocaine that Appellant had brought with him. When they ran out of drugs, Hunt called a drug dealer. The dealer arrived at the apartment, but refused to sell them drugs because he claimed that Appellant had previously paid with a counterfeit bill and owed him money.

The next night, Appellant returned to Hunt's apartment. Hunt again called the drug dealer. Appellant gave Hunt twenty dollars to purchase drugs. Hunt met with the drug dealer downstairs from the apartment and was able to purchase a "small amount" of crack cocaine, which the three shared. Appellant left the apartment later that evening.

Around 7:00 am, Robinson left the apartment to go to work. Hunt was lying in bed. Robinson returned from work around 5:30 that night and found Hunt lying on the floor of the bedroom, dead. Hunt had been stabbed in the back with a kitchen knife and the blade had broken off and remained lodged in his back. The police picked up Appellant later that night after Robinson identified him as a suspect. He was later charged with Hunt's murder.

While in jail, Appellant had a conversation with a fellow inmate, Victor Linzy. Linzy testified that Appellant told him that he had been doing drugs with

Hunt and that Appellant had believed that Hunt had been shorting Appellant of his share of the crack cocaine. Appellant said he decided "to get" Hunt, "grabbed a knife, stuck it in him, and the handle broke off."

Appellant was charged in a two count indictment with capital murder and murder, but the State waived the first count of the indictment charging capital murder and proceeded to trial on the murder count only. In June 2012, at a status conference hearing before the trial court, Appellant elected to have the issue of punishment submitted to the jury. In September 2012, prior to voir dire, Appellant filed a notice requesting that the trial court decide the issue of punishment instead of the jury. Appellant's attorney stated on record that the decision to have the judge assess punishment was a strategic move and Appellant confirmed that decision.

The jury found Appellant guilty of murder. At the punishment hearing, Appellant asked the court to "consider a midrange of punishment under a range provided by law." The trial court found Appellant to be a habitual offender and set punishment at forty-five years' confinement. This appeal followed.

**Discussion**

**I. Election**

In his first issue, Appellant argues that the trial court erred by not submitting the issue of punishment to the jury. In all criminal cases, the trial judge is responsible for assessing punishment, unless "the defendant so elects in writing before the commencement of the voir dire examination of the jury panel"

3

to have the jury assess punishment. Tex. Code Crim. Proc. Ann. art. 37.07 § 2(b) (West Supp. 2012). "If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment." *Id.*

Appellant first elected to submit the issue of punishment to the jury. He later, but still prior to voir dire, signed and filed an election to have the judge set punishment. Appellant argues that his second election is void "because changing an election for the jury to decide punishment can only be made after the jury has found a defendant guilty."

Appellant made no complaint to the trial court when the trial judge set his punishment.[2] *See Hackey v. State*, 500 S.W.2d 520, 521 (Tex. Crim. App. 1973) (holding that absent an objection, appellate court will presume that defendant agreed that trial judge should assess punishment). In fact, Appellant made it quite clear on the record that his decision to change his election was a strategic move and that he and his attorney had "had that discussion at some length." Further, the court of criminal appeals has held that when a defendant has made two ostensible elections, the second "written request to have the judge assess punishment had the effect of withdrawing any request there may have been for the jury to consider the issue of probation and constituted a waiver thereof." *Ortegon v. State*, 459 S.W.2d 646, 648 (Tex. Crim. App. 1970); *see Holts v.*

---

[2]Appellant does not argue that he did not have the opportunity to object to his punishment in the trial court.

4

*State*, No. 03-01-00580-CR, 2002 WL 989538, *4 (Tex. App.—Austin May 16, 2002, pet. ref'd) (not designated for publication) (holding that when appellant filed two pretrial punishment elections, appellant's announcement prior to jury selection that he wished to have the jury assess punishment "designated which of the two written punishment elections appellant wished to be operative"). "Appellant cannot now be heard to complain because the court granted him what he asked for." *Benson v. State*, 496 S.W.2d 68, 70 (Tex. Crim. App. 1973) (holding that any error in allowing appellant to change his election after trial commenced "was against the State, and not the appellant"); *see Lucas v. State*, No. 05-90-01600-CR, 1992 WL 35807, at *1 (Tex. App.—Dallas Feb. 24, 1992, no pet.) (holding that appellant could not for the first time on appeal challenge his conviction on the ground that he changed his election without objection by the State).

By failing to object at trial to the trial judge assessing his punishment, Appellant waived any complaint regarding his election. *Holts*, 2002 WL 989538, at *3 ("Having asked the court to give effect to his election for jury punishment, appellant is in no position to argue for the first time on appeal that this election was void and that the only operative election was for the judge to assess punishment."). We overrule Appellant's first issue.

## II. Punishment

In his second issue, Appellant argues that the sentence of forty-five years is an excessive and disproportionate punishment.

The trial court, considering Appellant's status as a habitual offender, sentenced Appellant to forty-five years' confinement in a correctional institution. Appellant made no objection to his sentence in the trial court, either at the time of sentencing or in any motion afterwards. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Clay v. State*, 361 S.W.3d 762, 765 (Tex. App.—Fort Worth 2012, no pet.). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g); *Clay*, 361 S.W.3d at 765. Further, Appellant concedes in his brief on appeal that his sentence was within the statutory range and that punishment imposed within the statutory range is generally not subject to challenge for excessiveness. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also* Tex. Penal Code Ann. § 12.32(a) (West 2011) (setting punishment range from five years to ninety-nine years' imprisonment). We overrule Appellant's second issue.

6

## Conclusion

Having overruled both of Appellant's issues on appeal, we affirm the judgment of the trial court.

LEE GABRIEL
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 5, 2013