**Kyle Mitchell SPERLING, Appellant**

**v.**

**The STATE of Texas, Appellee.**

**No. 07–95–0100–CR.**

Court of Appeals of Texas, Amarillo.

April 9, 1996.

Discretionary Review Refused June 12, 1996.

Robert C. Heald, Lubbock and Charles P. Bubany (on appeal only), Lubbock, for appellant.

William C. Sowder, Criminal District Attorney, Michael West, Assistant Criminal District Attorney, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

In a jury trial, appellant Kyle Mitchell Sperling pleaded not guilty to, but was found guilty of, the offense of aggravated sexual assault, for which the jury assessed punishment at 25 years confinement. By this appeal, appellant presents a four-point attack on his conviction, contending that the trial court committed reversible error in making certain evidentiary rulings and in denying his motion to sever counts in the indictment against him. For the reasons to be expressed, we will overrule the points and affirm the judgment.

The jury's guilty verdict was consistent with the indictment charging that during the early morning hours of 2 July 1993, appellant sexually assaulted his seven-year-old daughter N____ S____, the child-victim, and alleging three methods of commission of the offense. Because appellant does not challenge the sufficiency of the evidence to support his conviction, further recitation of the facts is not requisite to our disposition of the appeal.

■ By his first-point contention, appellant maintains that the trial court erred in denying his motion for mistrial "after the jury had been advised that [he] had been in jail for another offense, thus permitting the jury to infer guilt from other crimes" in violation of rule 404(b) of the Texas Rules of Criminal Evidence. We disagree.

During the State's direct examination of Roxanne Emery, a cousin of the child-victim who was living with the child-victim and her family at the time of the offense, the following exchange transpired:

Q: While you were living with Ginger [the child-victim's mother], would Kyle Sperling come over and visit at the house?

A: Yes, after he got out of jail.

Q: All right. And how would he treat everybody?

[Defense counsel]: Your Honor, I am going to object to that.

The trial court sustained the objection and, at appellant's request, instructed the jury to disregard Roxanne's response. However, as previously noted, appellant's ensuing motion for a mistrial was denied.

■ Reference by a witness to a defendant's prior incarceration is improper because it violates the longstanding rule of evidence which prohibits the introduction of collateral offenses and transactions. *See* Tex.R.Crim.Evid. 404(b); *Tennard v. State*, 802 S.W.2d 678, 685 (Tex.Cr.App.1990), *cert. denied*, 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d 1077 (1991). A defendant is not to be tried for collateral crimes or for generally being a criminal. *Nobles v. State*, 843 S.W.2d 503, 514 (Tex.Cr.App.1992). Never-

theless, a witness's inadvertent reference to an extraneous offense is generally cured by a prompt instruction to disregard. *Kipp v. State,* 876 S.W.2d 330, 339 (Tex.Cr.App.1994).

■ In *Tennard,* a witness for the State, upon being asked by defense counsel during cross-examination when he first saw the defendant, answered, "When he first got out of the penitentiary." On the defendant's petition for discretionary review, the Court of Criminal Appeals determined the answer, which is remarkably similar to the one at issue in this case, was cured when the trial court promptly instructed the jury to disregard the witness's answer. 802 S.W.2d at 685. Likewise, we conclude that the trial court's prompt instruction in this cause cured any error presented by Roxanne's answer. Appellant's first point of error is overruled.[1]

■ With his second point, appellant contends that the trial court committed error in allowing the child-victim "to testify before the jury while holding a teddy bear, not her own, over appellant's objection, because this display violated Tex.R.Crim.Evid. 402 and the appellant's constitutional right to confront and cross-examine witnesses." Again, we disagree.

Following a hearing outside the presence of the jury to determine the competency of the child-victim to testify, counsel for appellant interjected the following:

What we observed here just in the last few minutes was, first of all, that the child-witness came in cuddling a big teddy bear, and we would object to the teddy bear being present on the stand during the time testimony is being taken before the jury.

The trial court overruled the objection.

■ Initially, it is observed that for a complaint to be preserved on appeal, there must be a timely objection stating the specific grounds for the ruling sought. Tex.R.App.P. 52(a); Tex.R.Crim.Evid. 103(a)(1). That is to say, the specific complaints urged on appeal must have been made obvious to the trial court at the time trial objections were made. *Jones v. State,* 843 S.W.2d 92, 98 (Tex.App.— Dallas 1992, pet'n ref'd). The objection "to the teddy bear being present on the stand during the time testimony is being taken before the jury" was too general to inform the trial court that appellant meant the teddy bear was irrelevant evidence and violated appellant's constitutional right to confront and cross-examine witnesses. *Lewis v. State,* 664 S.W.2d 345, 349 (Tex.Cr.App.1984). Thus, based upon the state of the record, appellant's bare objection to the child-victim holding the stuffed animal while she testified failed to preserve the specific error for which he now contends.

■ Still, appellant earnestly submits that his contention is "neither facetious nor inaccurate," because the teddy bear constituted demonstrative evidence, which engendered sympathy in the minds and hearts of the jurors, validated the child-victim's unimpeached credibility, and deprived him of his constitutional right of confrontation. Despite appellant's seriousness, and other than defense counsel's objection recited above, the only other recorded discussion of the teddy bear is the following exchange between the prosecutor and the child-victim:

Q: Yes? Who is your friend you have there with you?

A: Spanosa.

Q: Is he your teddy bear?

A: No.

Q: Does he play music there or what does he do?

A: He plays tapes.

Q: Does he make you feel better?

A: Yes.

---

1. Although not made the subject of his point of error, we have not overlooked appellant's argument, also made to the trial court in support of his motion for a mistrial because of Roxanne's answer, that he was prejudiced when, during the jury selection process, the bailiff said in a voice loud enough for everyone in the front part of the courtroom to hear that he wanted the police to watch his prisoner while he attended to some business. The remark, appellant proposes, would encourage speculation by the jury that he had previously committed a crime similar to that with which he was charged. However, the bailiff's remark is susceptible to myriad interpretations, and without more in the record, we will not surmise, to the exclusion of all other possibilities, that the remark, if indeed it was heard by the members of the jury panel, caused speculation that appellant had previously committed a crime similar to that with which he was charged.

No objection was lodged to the queries and the replies.

With nothing more in the record, we cannot conclude that the teddy bear constituted demonstrative evidence which engendered sympathy in the minds and hearts of the jury, validated the child-victim's unimpeached credibility, or deprived appellant of his constitutional right of confrontation. Indeed, the same accusation could as reasonably be made of the calculated attire of any witness. Rather, under this record, it seems more rational that the trial court, when faced with the general objection made, permitted the child-victim to retain the stuffed animal as one of the discretionary, "reasonable steps" authorized by the Code of Criminal Procedure in an effort to minimize the psychological, emotional and physical trauma to the child-victim caused by her participation in the prosecution, including her face-to-face confrontation with appellant. Tex.Code Crim.Proc.Ann. art. 38.071, § 10 (Vernon Supp.1996).

■▇▇▇▇ And yet, appellant also faults the trial court for failing to make a finding of necessity for allowing the child-victim to cuddle a teddy bear while testifying. We do not inquire into the alleged fault for, as we previously observed, our jurisprudence requires that a complaint be made at trial as a prerequisite to the assignment of judicial error on appeal. Absent the presentation of the complaint to, and for consideration by, the trial court, we will not consider it for the first time on appeal. *Harris v. State*, 827 S.W.2d 949, 961 (Tex.Cr.App.), *cert. denied*, 506 U.S. 942, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992). Appellant's second point of error is overruled.

■▇▇▇ ·Appellant uses his third point of error to charge the trial court with error in denying his motion to sever "the paragraphs in the multi-count indictment because they alleged separate offenses, and thus were subject to mandatory severance" under Texas

Penal Code Annotated § 3.04(a) (Vernon 1994), which provides that:

> Whenever two or more offenses have been consolidated or joined for trial under Section 3.02 [Consolidation and Joinder of Prosecutions], the defendant shall have a right to a severance of the offenses.

Alternatively, appellant charges the court with error "by not requiring the State to elect which paragraph would be relied on for conviction." We are not in accord.

By its indictment, divided into three paragraphs, the State sought a single conviction for only one offense committed on one occasion. In doing so, the State alleged that on or about July 1, 1993 appellant committed the felony offense of aggravated sexual assault by causing (I) the penetration of the female sexual organ of the child-victim with his finger, (II) the female sexual organ of the child-victim to contact his sexual organ, and (III) the penetration of the mouth of the child-victim by his sexual organ. Tex. Penal Code Ann. § 22.021(a)(1)(B)(i, ii & iii) (Vernon Supp.1996).

At a pre-trial hearing on his motion to sever, appellant argued, albeit unsuccessfully, that under section 304(a), *supra,* he had the right to have the foregoing paragraphs severed and tried separately, and to "put the State to an election upon which count they intend[ed] to proceed." Similarly on appeal, appellant argues that although the State may plead different statutory alternatives in the same indictment, the separate paragraphs should be treated as separate offenses; and, accordingly, the State must elect which statutory option upon which it will rely before submission to the jury if it seeks to obtain a single conviction.

■▇▇▇ To reach a proper resolution of appellant's point of error, it is unnecessary that we accept appellant's invitation to address some of the questions, and to clarify the law, in this area.[2] The declination results be-

---

**2.** Appellant's invitation stems from knowledge that "it sometimes is not possible to determine from the face of the charging instrument whether offenses alleged in separate counts are being charged as alternative legal theories for the same offense (with the objective of obtaining only one

conviction) or as joined, separate offenses." 42 George E. Dix & Robert O. Dawson, Criminal Practice and Procedure, Texas Practice § 32.16 (1995). The problem arises "because it is no longer required under the 1987 amendment [to the Texas Penal Code] that the same offense be

cause it is settled that section 3.04(a), *supra*, applies only when two or more offenses have been joined for trial, *Hathorn v. State*, 848 S.W.2d 101, 113 (Tex.Cr.App.1992), *cert. denied*, 509 U.S. 932, 113 S.Ct. 3062, 125 L.Ed.2d 744 (1993), and appellant was charged with only one offense, aggravated sexual assault.

▬▬▬▬ In this situation, an indictment may and should contain as many counts (paragraphs) as are necessary to charge the same offense and to meet the contingencies of the evidence. Tex.Code Crim.Proc.Ann. art. 21.24(b) (Vernon 1989); *Hathorn v. State*, 848 S.W.2d at 113. Thus where, as here, the statute sets out several ways the offense may be committed, each of which embrace the same definition, are punishable in the same manner, and are not repugnant to each other, the various methods of commission are not distinct offenses, and may be charged in the same indictment. *Jurek v. State*, 522 S.W.2d 934, 941 (Tex.Cr.App.1975), *aff'd*, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976). Consequently, the State need not elect between the various theories alleged; rather, the jury may consider all theories and return a general verdict of guilty. *Braughton v. State*, 749 S.W.2d 528, 530 (Tex.App.—Corpus Christi 1988), *cert. denied*, 493 U.S. 870, 110 S.Ct. 198, 107 L.Ed.2d 152 (1989).

▬▬▬▬ It follows that the trial court did not err either in denying appellant's motion to sever the paragraphs or in not requiring the State to elect which paragraph would be relied upon for conviction. Appellant's third point of error is overruled.

▬▬▬▬ In submitting the cause to the jury, the court did not charge on the commission of the offense as alleged by the State in paragraph II of its indictment. By his fourth point of error, appellant contends "[i]t was reversible error for paragraph II of the indictment to be placed before the jury when that charge was not properly pleaded because that paragraph was not 'necessary' under Tex.Code Crim.P. art. 21.24(b)." The

paragraph was not submitted, appellant explains, because there was insufficient evidence to sustain it, and it was not necessary, he adds, because the State must have known the contents of the child-victim's testimony. Therefore, appellant reasons, the inclusion of paragraph II could have had no other effect than to prejudice the jury against him.

Without other explanation or a record reference, we presume appellant means that paragraph II was "placed before the jury" when the indictment was read to the jury and, without evidence to support the allegation, the State acted in bad faith in including it in the indictment. However, as earlier noticed, the indictment may and should include as many paragraphs as necessary to charge the offense and to meet the contingencies of the evidence, *Hathorn v. State*, 848 S.W.2d at 113, and our procedure requires that the indictment be read to the jury. Tex.Code Crim.Proc.Ann. art. 36.01(a)(1) (Vernon Supp.1996). Thus, absent a showing of evidence to evince the State was acting in bad faith in attempting to predict the ability of a seven-year-old child to testify at the times the indictment was drawn and read to the jury, and sans citation of authority in support of the point, we cannot agree that reversible error is shown. *Stevens v. State*, 820 S.W.2d 930, 933–34 (Tex. App.—Fort Worth 1991, pet'n ref'd). Appellant's fourth point of error is overruled.

Accordingly, the judgment is affirmed.

▬▬▬▬▬▬▬

alleged for joinder, there is now more likely to be uncertainty whether the State is joining separate offenses or charging alternative legal theories for the same offense than was true under the pre-1987 law." *Id.*