IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 3, 2005

## JOHNNY L. BUTLER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-28609     Chris Craft, Judge**

**No. W2004-02237-CCA-R3-CO  - Filed July 26, 2005**

The petitioner, Johnny L. Butler, appeals the dismissal of his petition for writ of error coram nobis. In this appeal, he asserts that his conviction is void because the indictment was defective and that his guilty plea was not knowingly and intelligently made.  The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

Johnny L. Butler, Memphis, Tennessee, pro se.

Paul G. Summers, Attorney General & Reporter; David H. Findley, Assistant Attorney General; and James Wax, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On November 19, 1974, the petitioner entered a plea of guilty to one count of robbery with a deadly weapon.  By agreement, he received a ten-year sentence in the Department of Correction. In June of 2004, the petitioner filed a petition for writ of error coram nobis, contending that the indictment was defective.  The trial court concluded that because the petitioner alleged no newly discovered evidence and because the statute of limitations for pursuing a writ of error coram nobis had expired, the petition should be treated as a petition for habeas corpus relief.  The court determined that the petitioner was not entitled to habeas corpus relief because the language of the indictment was "sufficient to put the defendant on notice of the crime charged" and dismissed the petition.

In this appeal, the petitioner asserts that the indictment is defective because it makes no reference to the statute which was violated and is otherwise insufficient to charge the offense of robbery with a deadly weapon.  In a related issue, he claims that his guilty plea was not knowingly and intelligently entered because the faulty indictment deprived the trial court of jurisdiction.  The

state submits that the petitioner is not entitled to a writ of error coram nobis because there is no allegation of newly discovered evidence. In addition, the state contends that the petitioner is not entitled to habeas corpus relief because he is not "restrained of his liberty" as a result of the challenged conviction.

The writ of error coram nobis developed at common law as a procedural mechanism to allow courts to provide relief at a time when there was no motion for new trial and no right to appeal. State v. Mixon, 983 S.W.2d 661, 667 (Tenn. 1999). The procedure permitted the trial court "to reopen and correct its judgment upon discovery of a substantial factual error not appearing in the record which, if known at the time of judgment, would have prevented the judgment from being pronounced." Id. The common law writ was codified in 1858 and later extended to criminal cases in 1955. Id. The current statute provides as follows:

> There is hereby made available to convicted defendants in criminal cases a proceeding in the nature of a writ of error coram nobis, to be governed by the same rules and procedure applicable to the writ of error coram nobis in civil cases, except insofar as inconsistent herewith. Notice of the suing out of the writ shall be served on the district attorney general. No judge shall have authority to order the writ to operate as a supersedeas. The court shall have authority to order the person having custody of the petitioner to produce the petitioner in court for the hearing of the proceeding. The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

Tenn. Code Ann. § 40-26-105. "[A] petition for writ of error coram nobis must be dismissed as untimely unless it is filed within one year of the date on which the judgment of conviction became final in the trial court." Mixon, 983 S.W.2d at 670.

As the state points out, the petitioner does not assert any "subsequently or newly discovered evidence." In consequence, the trial court did not err by denying the writ of error coram nobis. In addition, because the petitioner alleged that the trial court was without jurisdiction to convict or sentence him, the trial court properly treated the petition as one for habeas corpus relief. See Norton v. Everhart, 895 S.W.2d 317, 319 (Tenn. 1995) ("It is well settled that a trial court is not bound by the title of the pleading, but has the discretion to treat the pleading according to the relief sought."); see also Arzolia Charles Goines v. State, No. E1999-02459-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Aug. 25, 2000).

The writ of habeas corpus is guaranteed by Article 1, section 15 of the Tennessee Constitution, which provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Tenn. Const. art. I, § 15. Although the writ of habeas corpus is constitutionally guaranteed, it has been regulated by statute for more than a hundred years. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656, 657 (1968). Our current code provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101.

Although the language of the statute is broad, the courts of this state have long held that a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery, 432 S.W.2d at 658; State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Unlike the federal writ of habeas corpus, relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, which would afford a means of relief for constitutional violations, such as the deprivation of the effective assistance of counsel, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment.[1] State ex rel. Newsome v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1969). A petitioner cannot attack a facially valid conviction in a habeas corpus proceeding. Potts, 833 S.W.2d at 62; State ex rel. Holbrook v. Bomar, 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

The policy behind limiting habeas corpus relief to facially void convictions is "grounded on the strong presumption of validity that attaches to final judgments of courts of general jurisdiction." State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). In Ritchie, our supreme court reiterated the limited nature of habeas corpus relief:

> In all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances. Unlike the procedures governing the availability of the federal writ of habeas corpus, our procedures do not contemplate that a petitioner may relititgate

---

[1] The Post-Conviction Procedure Act codified at Tennessee Code Annotated sections 40-30-101 thru 40-30-122 describes the procedure for filing a petition for post-conviction relief. The original Post-Conviction Procedure Act of 1967 did not include a statute of limitations. In 1986, the General Assembly adopted a three-year statute of limitations. See Tenn. Code Ann. § 40-30-102 (repealed 1995). In 1995, our legislature amended the Post-Conviction Procedure Act such that under our current law, a petitioner must seek post-conviction relief "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." Tenn. Code Ann. § 40-30-102(a) (2003). Accordingly, a petition for post-conviction relief is time-barred in this case.

facts in a habeas corpus proceeding. Because a conviction is either void on its face for want of jurisdiction, or it is not, the need for an evidentiary hearing in a habeas corpus proceeding should rarely arise . . . .

Id.

In this case, the petitioner asserts that the trial court was without jurisdiction because the indictment was defective. He also alleges that because the indictment was defective, his guilty plea was not knowingly and voluntarily entered. The petitioner contends that he is restrained of his liberty by the 1974 conviction because that conviction was used to enhance his sentence for a later federal conviction. The ten-year sentence he received for that conviction expired more than twenty years ago.

Recently, in Hickman v. State, 153 S.W.3d 16 (Tenn. 2004), our supreme court addressed whether a petitioner was entitled to seek habeas corpus relief from a judgment when the sentence had been fully served but the conviction was used to enhance the sentence for a subsequent offense. In Hickman, the petitioner pled guilty to one count of possession of marijuana in 1986 and received a ten-day suspended sentence and a fifty-dollar fine. Some sixteen years later, after being convicted of a subsequent crime and facing possible sentence enhancement in the United States District Court, the petitioner filed a petition for writ of habeas corpus, contending that the possibility of sentence enhancement based upon the 1986 conviction was a restraint on his liberty. Our supreme court affirmed the trial court's dismissal of the petition, holding that while a person may be restrained of liberty without being physically confined, the possibility of future sentence enhancement was not a restraint of liberty sufficient to permit the filing of a petition for writ of habeas corpus. Id. at 22. Our high court ruled that a petitioner may seek habeas corpus relief only "when the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement." Id. Further, the high court held that "[u]se of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired." Id. at 23.

In our view, this case is indistinguishable from Hickman. The petitioner, incarcerated for a federal conviction, seeks relief from his 1974 Tennessee conviction. His ten-year sentence has long since expired. Because the petitioner is no longer restrained of his liberty as a result of the 1974 conviction, he may not seek habeas corpus relief. See id.

In any event, the petitioner has failed to establish that his conviction is void, a requirement for the grant of habeas corpus relief. The indictment, which the petitioner claims is insufficient to charge an offense, provides as follows:

The grand jurors of the State of Tennessee, duly elected, empaneled, sworn and charged to inquire in and for the body of the County of Shelby, in the State aforesaid, upon their oath, present that [the defendant] . . . did unlawfully, feloniously, violently and forcibly by Use of Deadly Weapons to-wit: pistols and knife make an assault on the person of Jerry Palmer and putting him in great danger and bodily fear of his life, and did then and there unlawfully and feloniously and with

-4-

force and violence aforesaid, steal, take and carry away from the person of Jerry Palmer, [money and property with a value of] $395.95.

This language tracks the language of the statutory provisions in effect at the time of the petitioner's conviction. <u>See</u> Tenn. Code Ann. §§ 39-3901, -4914 (Supp. 1974). That the indictment does not contain a statutory citation does not render it defective. <u>See generally</u> <u>State v. Hill</u>, 924 S.W.2d 725 (Tenn. 1997). In our view, the indictment provided adequate notice to the petitioner of the charged offense and a proper basis for the entry of judgment.

     Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE