# NO. 12-08-00272-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GLENN RAY WINGARD,* *APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Glenn Ray Wingard appeals his convictions for aggravated sexual assault of a child and indecency with a child. He raises eight issues on appeal. We affirm.

### BACKGROUND

Appellant was indicted on one count of aggravated sexual assault of a child and one count of indecency with a child. He pleaded not guilty. The record shows that Appellant is the alleged victim's father. W.W., the victim, lived with both parents, his maternal grandmother, two maternal aunts, and a maternal uncle in one home until his parents separated in 2000. His mother moved to Houston, and W.W. remained in the home with his father and the rest of his relatives. W.W.'s father eventually moved to his own home, and W.W. then spent time at both homes. He was home schooled by his aunt at her home.

At trial, W.W. testified that when he was four or five years old, while spending the night at Appellant's home, he was about to take a bath and realized there were no towels in the bathroom. Already undressed, he went into Appellant's room to get a towel. W.W. testified that Appellant was in the room, and that he began touching W.W. on his chest and penis. W.W. stated further that Appellant then unsuccessfully tried to insert his penis into W.W.'s "bottom," and his penis touched W.W.'s anus.

W.W. also testified that when he was eleven years old, he disclosed the incident for the first time by telling a friend. W.W.'s friend testified that W.W. told him about the incident while the two played video games. W.W.'s friend told his mother, who then told

W.W.'s mother. W.W. stated that when his mother asked him about the incident, he denied that anything occurred. He stated further that his mother talked to his aunt, who in turn talked to him. According to W.W., when he was first questioned by his aunt, he did not admit that any sexual abuse occurred, but soon thereafter he recounted the details of the incident to her. W.W.'s aunt notified the authorities, and an investigation ensued, which included interviews of Appellant, W.W., and W.W.'s aunt. Cherokee County Sheriff's Department (CCSD) Investigator Gina Battley testified that she initially decided not to arrest Appellant due to "inconsistencies" in W.W.'s story. For reasons not apparent in the record, CCSD later arrested Appellant.

Appellant attempted to develop the defensive theory that W.W. fabricated his testimony because he and W.W. had an argument at Thanksgiving dinner, just days before the initial outcry. The jury convicted Appellant of both counts and sentenced him to seventy-five years of imprisonment on the aggravated assault count and twenty years on the indecency count. He timely appealed.

### SUFFICIENCY OF THE EVIDENCE AND DENIAL OF MOTION FOR DIRECTED VERDICT

In his first four issues, Appellant challenges the legal and factual sufficiency of the evidence to support the verdict. In his fifth and sixth issues, he contends that the trial court erroneously denied his motion for directed verdict.[1] Because these six issues are intertwined, we address them together.

**Standard of Review**

In reviewing the legal sufficiency of the evidence to support a conviction, and the denial of a directed verdict in a criminal trial, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003) (directed verdict);

---

[1] In Appellant's first and third issues, he challenges the legal and factual sufficiency of the evidence to support the verdict on the aggravated sexual assault of a child count. In his second and fourth issues, he asserts that the evidence is legally and factually insufficient to support the verdict on the indecency with a child count. In his fifth and sixth issues, he challenges the trial court's denial of his motion for directed verdict on both counts. A complaint about the denial of a directed verdict in a criminal trial is the equivalent of a legal sufficiency challenge. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).

*LaCour v. State*, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000) (legal sufficiency); *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996) (directed verdict). The jury is the sole judge of the credibility of witnesses and of the weight to be given their testimony. *Barnes v. State*, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). Any reconciliation of conflicts and contradictions in the evidence is entirely within the jury's domain. *Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). Likewise, it is the responsibility of the jury to weigh the evidence and draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

In conducting a factual sufficiency review, we look at the evidence in a neutral light. *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). A verdict will be set aside if the evidence supporting the conviction, although legally sufficient, is so weak that the jury's determination is clearly wrong and manifestly unjust, or if there is some objective basis in the record that shows the great weight and preponderance of the evidence contradicts the jury's verdict. *Berry v. State*, 233 S.W.3d 847, 854 (Tex. Crim. App. 2007); *Watson v. State*, 204 S.W.3d 404, 414-15, 417 (Tex. Crim. App. 2006). A clearly wrong and unjust verdict occurs where the jury's finding is manifestly unjust, shocks the conscience, or clearly demonstrates bias. *Berry*, 233 S.W.3d at 854.

Although we are authorized to disagree with the jury's determination, even if probative evidence exists that supports the verdict, our evaluation should not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony. *Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). Unless we conclude that it is necessary to correct manifest injustice, we must give due deference to the jury's determinations. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). It is not enough that we might harbor a subjective level of reasonable doubt to overturn a conviction that is founded on legally sufficient evidence. *See Watson*, 204 S.W.3d at 417.

**Applicable Law**

As pertinent here, a person commits the offense of aggravated sexual assault if he intentionally or knowingly causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor, and the victim is younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iv), (2)(B) (Vernon Supp. 2009).

3

A person commits indecency with a child by engaging in sexual contact with a child or causing a child to engage in sexual contact. *Id.* § 21.11(a)(1) (Vernon Supp. 2009). "Sexual contact" means that, with the intent to gratify the sexual desire of any person, 1) a person touches, including through clothing, the anus, breast, or any part of the genitals of a child, or 2) a person uses his anus, breast, or any part of his genitals to touch, including through clothing, any part of a child's body. *Id.* § 21.11(c).

The uncorroborated testimony of a child victim is sufficient to support a conviction for aggravated sexual assault of a child and indecency with a child. TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b) (Vernon 2005); *Rodriguez v. State*, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991); *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd).

## Legal Sufficiency

As to the aggravated sexual assault count, Appellant contends that the evidence is legally insufficient to show that his penis touched W.W.'s anus. More specifically, he contends that W.W. never stated what a penis or an anus is or where those body parts are located. A child need not testify in the terms of the statutory language, but may use unsophisticated language to describe the sexual assault in a manner sufficient to sustain the conviction. *Zuniga v. State*, 811 S.W.2d 177, 179-80 (Tex. App.—San Antonio 1991, no pet.); *Villalon v. State*, 791 S.W.2d 130, 133-34 (Tex. Crim. App. 1990). "To hold otherwise would be to encourage those persons capable of such heinous crimes to prey upon innocent children with no recourse in the law." *Zuniga*, 811 S.W.2d at 180.

W.W. testified that he was "in bed and everything and [Appellant] was touching" him. W.W. said that Appellant touched his private area, but then clarified by saying that Appellant touched him on his chest and penis and that those two areas were included in his private area. W.W. testified that Appellant then "tried to stick his penis in [him], but it wouldn't go." He later stated that Appellant tried to stick his penis "in his bottom," and that he knew what an anus was. He testified that Appellant's penis touched his anus. This evidence is legally sufficient evidence to support the jury's verdict on the aggravated sexual assault count.

As to the indecency count, Appellant contends that the evidence is legally insufficient to show that he formed the specific intent to arouse or gratify the sexual desire of any person. The specific intent to arouse or gratify sexual desire can be inferred

4

from the defendant's conduct, his remarks, and all surrounding circumstances. *See McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981); *Tucker v. State*, 109 S.W.3d 517, 523 (Tex. App.—Tyler 1999, pet ref'd). A defendant's conduct alone is sufficient to demonstrate intent. *McKenzie*, 617 S.W.2d at 216.

According to W.W.'s testimony, Appellant first touched W.W.'s chest, then his penis, and immediately thereafter used his penis to touch W.W.'s anus. Although the record does not indicate that Appellant said anything during the incident, the jury reasonably could have inferred from the sequence of events and the nature of the contact that Appellant intended to arouse or gratify his own sexual desire. Therefore, the evidence is legally sufficient to support the jury's verdict on the indecency count.

Since the evidence is legally sufficient to support the verdict on both the aggravated sexual assault count and the indecency count, the trial court did not err in denying Appellant's motion for directed verdict on both counts.

## Factual Sufficiency

Appellant asserts that the record contains substantial evidence that is contrary to the jury's verdict. According to Appellant, he and W.W. had an argument just a few days prior to the outcry, which occurred six to seven years after the alleged incident. Given the length of time between the outcry and the argument, Appellant contends that W.W. fabricated the allegations against him. Next, Appellant points out that when W.W.'s mother asked him about the incident, W.W. denied that any misconduct occurred. Furthermore, when interviewed by JoAnn Lutmer-Paulson,[2] W.W. stated that Appellant only touched his chest. However, she also testified that based on her training, experience, and interactions with W.W., she believed W.W. was not completely forthcoming when she interviewed him. Finally, Appellant calls our attention to Investigator Gina Battley's initial decision not to arrest him because of inconsistencies in W.W.'s story. But, Dr. Gayle Burress,[3] the State's expert witness, testified that children often choose not to disclose all of the misconduct for a variety of reasons, such as the child may want to protect the loved one that committed the misconduct, the child may be embarrassed, or the child may be fearful of retaliation.

---

[2] JoAnn Lutmer-Paulson was a forensic interviewer for the Children's Advocacy Center of Cherokee and Anderson Counties at the time of W.W.'s outcry.

[3] Dr. Gayle Burress is a psychologist.

Questions regarding the weight and credibility of witness testimony are for the jury. *See Santellan*, 939 S.W.2d at 164. When there is conflicting evidence, the jury's resolution of the conflicts is generally regarded as conclusive. *Van Zandt v. State*, 932 S.W.2d 88, 96 (Tex. App.—El Paso 1996, writ ref'd). Here, the jury resolved the conflicts in favor of the State, which it was authorized to do. *Cain v. State*, 958 S.W.2d 404, 409-10 (Tex. Crim. App. 1997).

Having reviewed the record in its entirety, we have not observed any evidence that causes us to conclude that the proof of Appellant's guilt is so obviously weak that the jury's determination is clearly wrong or manifestly unjust. Nor can we conclude that the great weight and preponderance of the evidence contradicts the jury's verdict. Therefore, the evidence is also factually sufficient to support the trial court's judgment.

We overrule Appellant's first through sixth issues.

**DENIAL OF APPELLANT'S MOTION FOR MISTRIAL**

In his seventh issue, Appellant contends that the trial court abused its discretion in denying his motion for a mistrial after a witness referred to Appellant's status as a probationer in violation of the motion in limine.

**Standard of Review and Applicable Law**

We review the trial court's denial of a motion for mistrial under an abuse of discretion standard. *Russeau v. State*, 171 S.W.3d 871, 885 (Tex. Crim. App. 2005) (citing *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). The determination of whether a given error necessitates a mistrial must be made by examining the particular facts of the case. *Id.* at 567; *Hernandez v. State*, 805 S.W.2d 409, 414 (Tex. Crim. App. 1990). The factors to be considered in determining whether the trial court abused its discretion in denying a mistrial are 1) the severity of the misconduct (magnitude of the prejudicial effect); 2) measures adopted to cure the misconduct (efficacy of any cautionary instruction by the judge); and 3) the certainty of conviction absent the misconduct. *See Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (en banc); *see also Ramon v. State,* 159 S.W.3d 927, 929 (Tex. Crim. App. 2004).

A motion for mistrial will be granted only in "extreme circumstances, where the prejudice is incurable." *Hawkins*, 135 S.W.3d at 77. Prejudice is incurable if "the reference [is] clearly calculated to inflame the minds of the jury or was of such damning character as to suggest it would be impossible to remove the harmful impression from the

6

jurors' minds." ***Rojas v. State***, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998); *see also* ***Bauder v. State***, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996). An improper question rarely requires the granting of a mistrial because generally the harm can be cured by an instruction to disregard. ***Russeau***, 171 S.W.3d at 885 (citing ***Ladd***, 3 S.W.3d at 567); *see also* ***Hernandez***, 805 S.W.2d at 413-14. The same is true for a nonresponsive and improper answer. ***Hughes v. State***, 878 S.W.2d 142, 154 (Tex. Crim. App. 1993).

## Discussion

Appellant contends that the following line of questioning violated the motion in limine and warranted a mistrial:

> Q: Can you tell me just generally your activities that day?
>
> A: Well, I did school with [W.W.] in the morning. It was the 3rd so we probably ran errands as we do the 3rd. I'm pretty much the chauffeur as far as getting my brother from work to his next job, getting my sister from her job. Sometime that evening I did pick up [Appellant] and he had called and asked if I could give him a ride to Wal-Mart so he could buy groceries.
>
> Q: Was that unusual for him to call and ask for you to do a favor?
>
> A: No, ma'am. We frequently went out and got him and brought him into town or took him to his probation meetings.

Trial counsel immediately objected and moved for an instruction to disregard, both of which were sustained. He then moved for a mistrial, which was denied. The witness clarified her answer and stated that "we were his ride to many errands and places."

A witness's inadvertent reference to an extraneous offense is generally cured by a prompt instruction to disregard. ***Kipp v. State***, 876 S.W.2d 330, 339 (Tex. Crim. App. 1994). Also, a brief general statement regarding prior incarceration will usually be cured by an instruction to disregard. *See, e.g.,* ***Tennard v. State***, 802 S.W.2d 678, 685-86 (Tex. Crim. App. 1990); ***Sperling v. State***, 924 S.W.2d 722, 724-25 (Tex. App.—Amarillo 1996, pet. ref'd). Likewise, a brief reference to the defendant's probationary status in violation of a motion in limine should usually be cured by an instruction to disregard the improper question and/or improper answer. *See* ***Kemp v. State***, No. 01-03-00571-CR, 2004 WL 1403405, at *1-2 (Tex. App.—Houston [1st Dist.] June 24, 2004, pet. ref'd) (mem. op., not designated for publication) (holding that the nonresponsive answer "[w]ell, the photo we used in the photo lineup, like I said, we obtained that through [appellant's] parole officer" did not require a mistrial).

Our review of the record reveals that the testimony was nonresponsive to the question asked, was vague, and did not refer to any particular offense. The record also

7

reflects that the complained of testimony was not emphasized in any manner and was not subsequently referred to. Although the testimony informed the jury that Appellant was on probation, we cannot conclude, given the record before us, that the response was "clearly calculated to inflame the jury" and was "of such character" that the instruction to disregard was insufficient and a mistrial should have been granted. The trial court instructed the jury to disregard the testimony, and we presume the jury followed the trial court's instruction. *See Ladd*, 3 S.W.3d at 567. Finally, in light of our review of the evidence described above in our discussion of the legal and factual sufficiency of the evidence, as weighed against the severity of misconduct, the reference to Appellant's status as a probationer likely had little or no effect on the jury's conviction of Appellant.

Appellant's seventh issue is overruled.

### ADMISSIBILITY OF OUTCRY TESTIMONY

In his eighth issue, Appellant argues that the trial court erred by allowing the testimony of W.W.'s aunt about W.W.'s oral statement to her.

## Standard of Review

Generally, we review a trial court's ruling on the admission of evidence for an abuse of discretion. *See Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). Specifically, a trial court's determination that an outcry statement is admissible under article 38.072 is reviewed for an abuse of discretion. *See Nino v. State*, 223 S.W.3d 749, 752 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *see also Garcia v. State*, 792 S.W.2d 88, 91-92 (Tex. Crim. App. 1990).

## Applicable Law

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d). Hearsay statements, while generally inadmissible, may be admitted under specific conditions when public policy supports their use, and the circumstances surrounding the making of those statements support their reliability. *See Martinez v. State*, 178 S.W.3d 806, 810 (Tex. Crim. App. 2005). The legislature has determined that one such situation is the outcry, or self-reporting, statement of a child victim of sexual or physical abuse. *Id.* at 810-11; *see* Act of May 11, 1995, 74th Leg., ch. 76, § 14.25, eff.

8

Sept. 1, 1995 (amended 2009) (current version at TEX. CODE CRIM. PROC. ANN. art 38.072 (Vernon Supp. 2009)).

However, the use of such out of court statements is carefully limited. Only those statements made to a person eighteen years of age or older qualify, and then only if the child was twelve or younger when the abuse occurred. *See* Act of May 11, 1995, 74th Leg., ch. 76, § 14.25.[4] The state must provide adequate pretrial notice to the defendant of its intent to introduce the child's outcry statement, and it must provide the name of the outcry witness and a summary of the hearsay statement.[5] TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(b)(1). Furthermore, the trial court must determine, outside the presence of the jury, that the statement is reliable "based on the time, content, and circumstances of the statement," and the child must testify at trial or be available to testify. *Id*. § 2(b)(2), 2(b)(3).

The statute is silent as to how detailed the summary of the statement must be and how it is to be compared to the testimony offered at trial. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072; *In re M.M.L.*, 241 S.W.3d 546, 553-54 (Tex. App.—Amarillo 2006, pet. denied). However, the courts have long held that the purpose of the summary requirement is simply to prevent the defendant from being surprised by the introduction of the outcry statement. *Gay v. State*, 981 S.W.2d 864, 866 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *see also In re M.M.L.*, 241 S.W.3d at 554 (applying the summary requirement found in Texas Family Code section 54.031, which, in pertinent part, is identical to Texas Code of Criminal Procedure article 38.072). The summary must give the defendant notice of the content and scope of the outcry statement and is sufficient if it reasonably informs the appellant of the essential facts related to the outcry statement. *Davidson v. State*, 80 S.W.3d 132, 136 (Tex. App.—Texarkana 2002, pet. ref'd). But, the summary "must be more than words which give a general allusion that something in the area of child abuse was going on." *Garcia*, 792 S.W.2d at 91; *Davidson*, 80 S.W.3d at 136.

---

[4] The statute has been amended since the date of the offenses in this case. *See* Act of June 19, 2009, 81st Leg., R.S., ch. 710, H.B. 2846, § 1 (effective Sept. 1, 2009). However, the amendments are not germane to the issues before us. Therefore, for ease of reference, we cite to the current version of the statute unless otherwise indicated.

[5] The proper outcry witness is the first adult "to whom the child makes a statement that in some discernible manner describes the alleged offense." *Garcia*, 792 S.W.2d at 91.

**Discussion**

Appellant argues that the summary of the outcry statement was vague and failed to state an offense. Although Appellant's specific complaint is not entirely clear from his brief, it appears that Appellant complains of the following portions of the statement provided by W.W.'s aunt, the State's outcry witness: "[W.W.] then said, 'he tried but it wouldn't work.' I asked 'you mean he tried but it wouldn't go in?' He said, 'yes.'" Thus, according to our reading, Appellant contends, in substance, that the testimony of the W.W.'s aunt was inadmissible hearsay because the State did not comply with the article 38.072 requirement that the summary provide more than a general allusion that child abuse "was going on."

Even if, as Appellant suggests, the testimony was inadmissible because the summary was no more than a "general allusion that something in the area of child abuse was going on," the admission of such evidence is nonconstitutional error. Therefore, we must disregard it unless it affected Appellant's substantial rights. TEX. R. EVID. 103(a); TEX. R. APP. P. 44.2(b); *see, e.g., **Dorado v. State***, 843 S.W.2d 37, 38 (Tex. Crim. App. 1992) (requiring a nonconstitutional harm analysis for hearsay statements incorrectly admitted as exceptions under article 38.072). An error affects a substantial right "when the error [has] a substantial and injurious effect or influence in determining the jury's verdict." ***King v. State***, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Thus, we affirm a criminal conviction despite nonconstitutional error if, after examining the record as a whole, we are left with the fair assurance that the error did not influence the jury or influenced the jury only slightly. ***Schutz v. State***, 63 S.W.3d 442, 443 (Tex. Crim. App. 2001) (citing ***Morales v. State***, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000); ***Johnson v. State***, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)); *see also **O'Neal v. McAninch***, 513 U.S. 432, 438, 115 S Ct. 992, 995, 130 L. Ed. 2d 947 (1995) (error must be treated as harmful if "grave doubt" exists as to whether it had a "substantial and injurious effect or influence" upon the jury). We analyze the whole record to determine if the trial court's error had no effect or only a slight effect on the jury's decision. ***Schutz***, 63 S.W.3d at 444. Our analysis goes beyond the fact that the jury's credibility determinations had an impact on its verdict. ***Id.*** at 445. We consider all the evidence, the nature of the evidence supporting the verdict, and the character of the error and its relationship to other evidence to determine if the error substantially affected an appellant's rights. ***Morales***, 32 S.W.3d at 867.

W.W.'s aunt testified as the outcry witness. W.W. also testified at trial. Even under intense cross examination, W.W. was unwavering in his assertion that Appellant's penis touched his anus, and that Appellant touched his chest and penis. The trial court did not call attention to the testimony of W.W.'s aunt in its instructions and charge to the jury. In his closing argument, the prosecutor focused on W.W.'s testimony. The testimony of W.W.'s aunt was referred to by the prosecutor in rebuttal after Appellant's trial counsel mentioned the testimony in his closing argument. Considering the record as a whole, we are left with fair assurance that the testimony of W.W.'s statement to his aunt did not influence the jury or influenced the jury only slightly. *See Schutz*, 63 S.W.3d at 443. Thus, we conclude the trial court's error, if any, did not have a substantial and injurious effect or influence in determining the jury's verdict, and did not affect Appellant's substantial rights. Therefore, any error in admitting the testimony is harmless. *See* TEX. R. APP. P. 44.2(b).

We overrule Appellant's eighth issue.

### DISPOSITION

We *affirm* the judgment of the trial court.

      **JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 31, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)