

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00417-CR

GREGORY RODRIGUEZ                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 1294961D

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In a single issue, Appellant Gregory Rodriguez appeals his convictions and concurrent eight-year sentences for indecency with a child, claiming that he received ineffective assistance of counsel. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. The Trial

The State called A.O., the complainant, to testify as its first witness. On direct, A.O. testified to five incidents between her and Rodriguez, but the indictment charged him with only two.

The first incident occurred Mother's Day 2011. A.O. told the jury that Rodriguez was like an uncle to her, and she often stayed the night at his home.[2] A.O. testified that on May 8 she spent the night at Rodriguez's, sleeping in his room with her sister and two cousins. She testified that she awoke during the night when she felt Rodriquez rubbing her thigh and buttocks through her clothing.

A.O. then testified about four later incidents with Rodriguez that occurred in June and October 2011 in the apartment where she lived with her family; the incidents involved Rodriguez's touching her buttocks and thighs, "thump[ing] her vagina [sic]," and touching her breasts. During A.O.'s testimony, Rodriguez's counsel objected to a line of questioning as irrelevant; however, the court overruled his objection.

On cross-examination, Rodriguez's counsel asked questions relating to the accuracy of A.O.'s testimony regarding dates and locations of the five incidents, pointed out inconsistencies, and solidified key points that other witness testimony would later contradict.

---

[2]Rodriguez lived at his parents' home.

During the defense's case-in-chief, counsel called several witnesses whose testimony contradicted A.O.'s. Rodriguez's parents testified that (1) A.O. never spent the night at their home on Mother's Day, (2) when the grandkids stayed the night, Rodriguez's room was off-limits, and A.O., along with the other girls, always slept in the living room,[3] and (3) A.O. and her family did not move into their apartment until August 2011.[4] Additionally, Rodriguez himself testified that A.O. never stayed the night at his home on Mother's Day, and he did not fondle A.O. either on Mother's Day or in October.

Rodriguez also called M.O.[5] to testify. She testified that she had told Rodriguez's mother in November 2011 that there was a false allegation of sexual abuse against Rodriguez. M.O further stated that the allegation was not about A.O.

During closing arguments, Rodriguez's trial counsel drew attention to these inconsistencies by contrasting A.O.'s testimony to that of the other witnesses. He further discussed how these inconsistencies affected the State's ability to meet the burden of proof required for a conviction.

---

[3]A.O. testified that whenever she, her sister, and her cousins slept over at Rodriguez's home, they slept either on the couch or in Rodriguez's room.

[4]Prior to August, A.O. and her family lived at the home of an aunt; however, A.O. testified that three of the incidents that took place in June 2011 occurred at her apartment.

[5]M.O. is the mother of Rodriguez's nieces and nephews.

## III. Ineffective Assistance of Counsel

Rodriguez asserts that his representation was ineffective because counsel (1) failed to seriously challenge any of A.O.'s claims,[6] (2) failed to object to inadmissible, extraneous evidence during A.O.'s testimony,[7] (3) never attempted to assert the impossibility of A.O.'s claims through the defense witnesses, (4) knowingly called a witness with knowledge of another child who had made sexual allegations against his client,[8] and (5) made a statement during closing that was harmful to the case.[9]

### 1. Standard of Review

To establish ineffective assistance of counsel, the appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052,

---

[6]Rodriguez asserts that trial counsel's statement that he "[did not] want to bring up bad memories" indicated to the jury that the events had occurred as A.O. testified.

[7]Rodriguez contends that all but two of the incidents were not admissible, and defense counsel's failure to challenge the admission of this evidence through a motion, objection, or otherwise was deficient.

[8]Rodriguez asserts that M.O.'s testimony was harmful to him and "in no way [could] be termed sound trial strategy."

[9]Trial counsel compared his own faulty memory to that of children, arguing in response to the State that if A.O. is "going to remember [this] for the rest of her life, why can't she tell you what really happened?"

2064 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009). In other words, for a claim of ineffective assistance of counsel to succeed, the record must demonstrate both deficient performance by counsel and prejudice suffered by the defendant. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). An ineffective-assistance claim must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Id.* (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)).

In evaluating the effectiveness of counsel under the deficient-performance prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

Direct appeal is usually an inadequate vehicle for raising an ineffective-assistance-of-counsel claim because the record is generally undeveloped. *Menefield*, 363 S.W.3d at 592–93; *Thompson*, 9 S.W.3d at 813. This statement is true with regard to the deficient-performance prong of the inquiry when

5

counsel's reasons for failing to do something do not appear in the record. *Menefield*, 363 S.W.3d at 593; *Thompson*, 9 S.W.3d at 813. To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Salinas*, 163 S.W.3d at 740 (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593 (quoting *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)). If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

### 2. Analysis

This case is an example of the "inadequacies inherent in evaluating ineffective assistance claims on direct appeal." *Patterson v. State*, 46 S.W.3d 294, 306 (Tex. App.—Fort Worth 2001, no pet.); *see Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) ("[I]n most ineffective assistance claims, a writ of habeas corpus is essential to gathering the facts necessary to adequately evaluate such claims.").

6

The record in this case is silent as to why Rodriguez's trial counsel chose not to object to A.O.'s testimony about the three incidents in June 2011. *See Lopez v. State*, 343 S.W.3d 137, 143–44 (Tex. Crim. App. 2011) (holding that counsel's failure to object to hearsay testimony did not establish ineffective assistance of counsel when the record was silent on reasons for counsel's decision); *see also* Tex. Code Crim. Proc. Ann art. 38.37 (West 2005 & Supp. 2014) (stating that despite the rules of evidence, evidence of acts by the defendant against a child under seventeen years of age, who is the victim of an alleged offense shall be admitted for its bearing on relevant matters). Moreover, it was A.O.'s testimony regarding these three incidents that enabled Rodriguez's counsel to show that A.O. may be lying or mistaken.

Furthermore, the record contains no reason as to why trial counsel chose to call the witnesses he did or asked the questions he asked. *See Rodd v State*, 886 S.W.2d 381, 384 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (stating that the decision to call witnesses is largely a matter of trial strategy); *see also Odom v. State*, No. 14-11-00206–00212-CR, 2012 WL 1964580, at *8 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (mem. op., not designated for publication) (applying *Rodd*, stating that the cross-examination of witnesses and the decision to call witnesses is largely a matter of trial strategy).

While Rodriguez did file a motion for new trial, the motion did not assert ineffectiveness of counsel. As a result, no evidence exists in the record exploring the alleged ineffectiveness. Without evidence that adequately reflects counsel's

7

reasons for following his particular trial strategy, we can only speculate on Rodriguez's claim—something we will not do. *See Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002) (stating that ineffective assistance of counsel claims are not built on retrospective speculation); *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980) (holding error in trial strategy will be considered ineffective assistance of counsel only if counsel's actions are without plausible basis).

We also cannot conclude from this record that Rodriguez's counsel engaged in outrageous conduct beyond what any competent attorney would do. *See Yarborough v. Gentry*, 540 U.S. 1, 5–6, 124 S. Ct. 1, 4 (2003) (holding that deference to counsel's tactical decisions in his closing presentation is important because of the broad range of legitimate defense strategies at that stage); *Cueva v. State*, 339 S.W.3d 839, 864–65 (Tex. App.—Corpus Christi 2011, pet. ref'd) (holding that defense counsel's use of the word "victim" when referring to the complainant was not an admission that the defendant had committed the crime); *Sperling v. State*, 924 S.W.2d 722, 726 (Tex. App.—Amarillo 1996, pet. ref'd) (holding that allowing a child witness to hold a teddy bear while he testified was a "'reasonable step[]' authorized by the Code of Criminal Procedure in an effort to minimize the psychological, emotional and physical trauma to the child-victim caused by [the] participation in the prosecution").

Rodriguez argues that it is clear from the record that trial counsel called M.O. to testify knowing what she was going to say. In our review of the record,

we cannot agree with Rodriguez. Counsel's questions on direct attempted to elicit testimony from M.O. that she had communicated to Rodriguez's mother around November 2011 that M.O. believed an allegation involving Rodriguez and A.O. was false. However, it is unclear from M.O.'s testimony whether she understood the questions to be about an allegation involving A.O. or M.O.'s own child. We cannot discern from this exchange what Rodriguez's counsel knew with respect to M.O.'s confusing testimony, nor whether her confusing testimony resulted from a lack of diligence in investigating what her testimony might have been. Furthermore, if, despite an adequate investigation, counsel was unaware of any other allegations involving Rodriguez and another child, we can conceive of a reasonable trial strategy showing that other members of the extended family believed allegations against Rodriguez to be false. *See Fox v. State*, 175 S.W.3d 475, 488 (Tex. App.—Texarkana 2005, pet. ref'd) (holding that counsel's conduct in questioning a witness and eliciting unfavorable testimony was not so outrageous that no competent attorney would have engaged in it).

Failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong. *Garcia*, 57 S.W.3d at 440. Accordingly, based on this record and in light of the strong presumption that counsel's conduct was reasonable, Rodriguez has failed to overcome the presumption that the challenged actions or omissions were sound trial strategy. Because Rodriguez failed to meet his burden under the first prong of *Strickland*, we overrule his sole issue.

9

## IV. Conclusion

Having overruled Rodriguez's only issue, we affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 30, 2014