Tommy Gerald BENSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 46391.

Court of Criminal Appeals of Texas.

June 20, 1973.

Rehearing Denied July 11, 1973.

Ruth Jackson Blake, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and John Holmes, Jr., Houston, Asst. Dist. Attys., Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an appeal from a conviction of robbery by assault, in which punishment enhanced under the provisions of Article 62, Vernon's Ann.P.C., was assessed at life imprisonment.

Appellant does not question the sufficiency of the evidence to support the conviction. The evidence reflects that about 9:15 P.M. on June 22, 1970, three males robbed Karl Matejka, an employee of Jack-in-the-Box No. 658, of money by exhibiting a pistol and putting Matejka in fear of life and serious bodily injury. Appellant was identified as the robber who had the pistol and who shot Matejka in the leg.

Appellant's first ground complains that the trial court erred in granting his written request, made while the trial on guilt was in progress, to have the jury assess the punishment, over the protest of the State.

It appears from the record that, as a matter of trial tactics, the appellant elected before trial to have the judge pass upon all matters relating to punishment. However, at the guilt stage of the trial, and after the jury had announced that they had reached a verdict, but before the verdict was received by the court, appellant in person, and through his attorney, announced to the court that appellant had decided to elect a jury hearing on punishment. Over the State's objection, the court permitted appellant to file his election for a jury at the

punishment stage, and such hearing before a jury was allowed. The jury found that the appellant had theretofore been convicted of a like felony. The court independently made a similar finding, and by operation of law assessed life imprisonment. Art. 62, V.A.P.C.

Art. 37.07, Sec. 2(b)(3), Vernon's Ann. C.C.P., provides as follows:

"(b) If a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that . . . . (3) in other cases where the defendant so elects *in writing at the time he enters his plea in open court,* the punishment shall be assessed by the same jury. If a finding of guilty is returned, the defendant may, *with the consent of the attorney for the state,* change his election of one who assesses the punishment." (Amendment of 1967) (Emphasis Added)

■ Of course if the State had consented to the change in election, the action of the court in granting leave to file such election while the trial was in progress would have been proper. Green v. State, Tex.Cr.App., 433 S.W.2d 435; Garza v. State, Tex.Cr.App., 479 S.W.2d 294.

■ Hence, the court had jurisdiction to have the jury pass upon the punishment issues, and no constitutional rights of appellant were denied. Williams v. State, Tex.Cr.App., 415 S.W.2d 917; Williams v. State, Tex.Cr.App., 427 S.W.2d 868, 874. The error in permitting the appellant to file, after the trial had commenced, his election for a jury hearing on punishment was against the State, and not the appellant. Appellant cannot now be heard to complain because the court granted him what he asked for. No question of due process is involved.

■ Furthermore, no harm is shown, inasmuch as the record reflects that the court, independently of the jury's finding,

expressly found that appellant was the same person who committed the like offense alleged in the indictment for enhancement purposes under Article 62, V. A.P.C.

Appellant's first ground of error is overruled.

Appellant's second ground of error reads:

"Motion to suppress evidence denied: It was material error which harmed the defendant for the court to deny the defendant's motion to suppress evidence which was based on witness' in-court identification of defendant, such identification being tainted by illegal line-up and pre-trial confrontations."

■ The discussion and argument made under this ground reflects that appellant refers to the motion to suppress the in-court testimony of the witness Karl Matejka wherein he identified appellant as the robber who had the pistol and who shot him in the leg. A hearing was had on appellant's motion to suppress this evidence in the absence of the jury. At this hearing it was established that Matejka's in-court identification of appellant was not tainted by any illegal lineup or pretrial confrontation. Although he had been shown a number of photographs by police officers during their investigation of the robbery, there was no evidence that the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L. Ed.2d 1247; Grundstrom v. State, Tex.Cr. App., 456 S.W.2d 92.

The witness testified that his identification of appellant was based on what he observed at the time of the robbery when he had ample opportunity to observe the robbers. The court properly overruled appellant's motion to suppress. Martinez v. State, Tex.Cr.App., 437 S.W.2d 842; Giddings v. State, Tex.Cr.App., 438 S.W.2d

805; Boyd v. State, Tex.Cr.App., 472 S. W.2d 125. The second ground of error is overruled.

Nothing is presented for review by appellant's third ground of error.

The judgment is affirmed.

Opinion approved by the Court.