Jack F. GIBSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 53223.

Court of Criminal Appeals of Texas.

April 27, 1977.

742 ∎

Michael P. Gibson, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell J. Templeton, Samuel H. Bayless and Andy Anderson, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

The offense is driving while intoxicated; the punishment, assessed by the jury, $300.00 fine and three days confinement.

Appellant's first ground of error contends the trial court committed reversible error by denying appellant's written request to have the court assess punishment. On June 11, 1975, appellant filed an application for misdemeanor probation and two requests, which the trial court denied, to have the court assess punishment.

Art. 37.07, Sec. 2(b), V.A.C.C.P. provides: "Except as provided in Article 37.071, if a finding of guilty is returned, it shall then be the responsibility of the judge to assess punishment applicable to the offense; provided, however, that (1) in any criminal action where the jury may rec-ommend probation and the defendant filed his sworn motion for probation before the trial began, and (2) in other cases where the defendant so elects in writing at the time he enters his plea in open court, the punishment shall be assessed by the same jury. If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment."

∎ Under Art. 37.07, Sec. 2(b), supra, it is the responsibility of the trial judge to assess punishment unless the accused requests that the jury assess punishment either in a timely filed motion so electing or in a sworn motion requesting the jury to recommend probation. See *Bullard v. State*, Tex.Cr.App., 548 S.W.2d 13 (decided February 6, 1977); *White v. State*, Tex.Cr. App., 478 S.W.2d 506; *Hall v. State*, Tex.Cr. App., 475 S.W.2d 778; *Langham v. State*, Tex.Cr.App., 473 S.W.2d 515. Once the accused so elects, he may change his election of one who assesses the punishment only if the attorney for the State consents. *Stephens v. State*, Tex.Cr.App., 522 S.W.2d 924; *Gonzales v. State*, Tex.Cr.App., 466 S.W.2d 772; *Palasota v. State*, Tex.Cr.App., 460 S.W.2d 137.

∎ In the instant case appellant's application for probation prays that he be granted probation in said cause, and states he "would show the court" that he is eligible for probation. The application does not contain a request for the *jury* to grant probation. Cf. *White v. State*, supra; *Ortegon v. State*, Tex.Cr.App., 459 S.W.2d 646; *Martin v. State*, Tex.Cr.App., 452 S.W.2d 481.[1] Appellant did not invoke the statutory right afforded by Art. 37.07, supra, to have the jury assess punishment. It was the "responsibility of the judge to assess punishment," and the trial court was without authority to deny appellant's request to have the court assess punishment. Further, the appellant was not required to

1. In *White* the accused filed a motion seeking probation from the jury. In *Ortegon* the defendant asked "the court or jury" to grant probation. In *Martin* the defendant asked the court to submit to the jury the application for a probated sentence.

file a written motion of election at the time he entered his plea, since he did not elect to have the jury assess punishment.[2]

In view of the fact that the appellant at no time requested that the jury consider the issue of punishment, this case is distinguishable from *Benson v. State*, Tex.Cr.App., 496 S.W.2d 68; *Ortegon v. State*, supra, and *Martin v. State*, supra.

In *Benson*, the defendant elected before trial to have the judge assess punishment and changed his election after the jury announced they had reached a verdict, but before the verdict was received by the court. The court granted the defendant's request to have the jury assess punishment even though the State did not consent. We held the error in submitting punishment to the jury was against the State and not against the defendant and the defendant could not complain because the court granted his request. Further, the defendant was not harmed by the trial court's action because the judge made an independent finding that the defendant was the same person who committed a like offense as alleged in the indictment for enhancement under Art. 62, V.A.P.C.

In *Ortegon*, this Court held a written request for the court to assess punishment had the effect of withdrawing a prior request for the jury to assess punishment, which request was evidenced by a motion for probation, and constituted a waiver of the right afforded by Art. 37.07, Sec. 2(b), supra.

In *Martin*, the accused filed a motion for probation to the jury and a motion to have the court assess punishment. After the jury returned a finding of guilty, the jurors were discharged and the court assessed punishment. The defendant did not object to discharge of the jurors and no question was raised at the hearing on punishment or in a motion for new trial concerning the right of the trial court to assess punish-

ment. This Court held that even if the motion to have the court assess punishment was not a request for the judge to assess punishment, the circumstances showed the defendant changed his election and waived the right to have the jury assess punishment.

The circumstances here presented are similar to the circumstances presented in *Dickson v. State*, Tex.Cr.App., 492 S.W.2d 267, wherein the issue of punishment was presented to the jury even though the defendant had not made such an election and had not made application for probation. Although the jury was not authorized to assess punishment under Art. 37.07, Sec. 2(b), supra, we held reversible error was not presented in light of the defendant's failure to object to the procedure.

■ However, in the instant case, appellant did object to the submission of the punishment to the jury when he filed a request for the judge to assess punishment. The question remains whether failure to object when the jurors were not discharged after the finding of guilt was received constitutes a waiver. In *Dickson*, the issue did not arise until the punishment hearing commenced before the jury. In the instant case, the issue arose at the time appellant entered a plea and made his election. There is nothing in the record to show appellant changed his election at the close of the guilt stage of the trial, and we cannot presume such from a silent record. In light of the trial court's denial of the appellant's earlier request, we hold appellant did not waive his right to have the judge assess punishment under Art. 37.07, supra, and appellant was not required to reurge his request in order to preserve the question for review. See *Waythe v. State*, Tex.Cr.App., 533 S.W.2d 802; *Glover v. State*, Tex.Cr.App., 532 S.W.2d 346; *Terrell v. State*, Tex.Cr.App., 521 S.W.2d 618.

2. The State points out that the record does not reflect whether the application for probation was filed before one or both requests for the court to assess punishment. The order in which these papers were filed is of no conse-

quence in light of the fact that appellant did not at any time request the jury to consider the issue of punishment and in view of the fact that there was no necessity to file a motion for the court to assess punishment.

Appellant's remaining ground of error relates to a comment by the court during the punishment hearing and need not be discussed in light of the disposition.

We cannot presume what punishment the court would have assessed. Cf. *Benson v. State*, supra. The error herein relates to punishment only. Accordingly, the punishment heretofore assessed is set aside, and the cause is remanded to the trial court for the proper punishment to be assessed by the court and the pronouncement of sentence, and further proceedings authorized by Art. 40.09, V.A.C.C.P.

It is so ordered.

DOUGLAS, J., concurs in the results.

ONION, Presiding Judge, concurring.

I concur in the result reached but I feel it necessary to make several observations.

On June 11, 1975, the same date as trial commenced, the appellant filed two written requests. One was entitled "Defendant's Motion to Elect the Court to Assess Punishment" and the other was designated "Defense Motion for Election as to Punishment," in which it was requested that "the Judge" assess the punishment. Both motions were expressly denied over the signature of the trial judge. On the same date appellant filed a written motion for probation under Article 42.13, Vernon's Ann.C.C.P., in which he states he "would show the Court" that he is eligible for probation.[1] Following the guilt stage of the trial, the court retained the jury for the purpose of assessing punishment despite the earlier motions and the jury did assess punishment.

Article 37.07, § 2(b), Vernon's Ann.C.C.P., provides:

"Except as provided in Article 37.071 (the procedure for capital murder cases), if a finding of guilty is returned, it shall then be the responsibility of the judge to assess punishment applicable to the offense; provided, however, that (1) in any criminal action where the jury may rec-

ommend probation and the defendant filed his sworn motion for probation before the trial began, and (2) in other cases where the defendant so elects in writing at the time he enters his plea in open court, the punishment shall be assessed by the same jury. If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment."

It is clear from the above that in all cases it is the responsibility of the judge to assess punishment unless the case falls within one of the three exceptions outlined above. These exceptions involved: (1) capital murder cases, or (2) where the defendant elects in writing to have the jury to assess, or (3) "in any criminal action where the jury may recommend probation and the defendant filed his sworn motion for probation before the trial began." If not within the three exceptions, the judge has the responsibility of assessing without any motion, oral or written, on the part of a defendant.

In the instant misdemeanor case, it is clear the cause does not fall within the capital murder exception or the exception where the defendant files a written request to have the jury assess punishment, for here the appellant did just the opposite. The question then is whether the instant case falls within the remaining exception "in any criminal action where the jury may recommend probation and the defendant filed his sworn motion for probation before the trial began."

To understand the meaning of this provision of Article 37.07, § 2(b), supra, it must be remembered that Article 37.07, supra, applies to both felony and misdemeanor cases other than misdemeanor cases of which the justice court or municipal court has jurisdiction. Article 37.07, § 2(a), supra. Regrettably we have two different statutes relating to probation. Article 42.-12, Vernon's Ann.C.C.P., provides the procedure regarding probation in felony cases

---

1. From this record it is not possible to determine in what order the three motions were filed and presented on June 11, 1975.

and Article 42.13, Vernon's Ann.C.C.P., provides the procedure regarding misdemeanor probation. While the provisions of the two statutes are similar in some respects, they are dissimilar in others. The forerunners of Article 42.12, Vernon's Ann.C.C.P., reach back to 1947, at which time Article 781b, Vernon's Ann.C.C.P., was first enacted and at a time when only the judge could grant probation. Under such statute and under its successor, Article 781d, Vernon's Ann.C. C.P., enacted in 1957, there was no requirement that a written motion for probation be filed. An oral request was sufficient though it was considered better practice to file a written motion.

In the proposed draft of a revision of the Code of Criminal Procedure by the State Bar of Texas, which was later introduced during the 59th legislative session in 1965, Article 781d became Article 42.12, Vernon's Ann.C.C.P. Such proposed statute provided for the first time for a procedure whereby the jury as well as the judge could grant probation. It still did not require a written motion when probation was sought at the hands of the judge. It did provide, however, that when the accused sought probation from the jury a written sworn motion reflecting that the accused had never been convicted of a felony had to be filed before trial began. The proposed draft of the statute was designed to make this one probation statute applicable to both felony and misdemeanor cases alike. Article 37.07, supra, providing for the first time a bifurcated trial system was included in the State Bar's proposed revision. While such legislation was pending, the 59th Legislature passed a separate bill relating to misdemeanor probation. Such statute was codified as Article 784a, Vernon's Ann.C.C.P. (Acts 1965, 59th Leg., Ch. 164, p. 346) (H.B. 395). Such act became effective August 30, 1965. During the legislative session the said Article 784a, supra, was added to the bill revising the Code of Criminal Procedure and became Article 42.13, Vernon's Ann.C. C.P., of that proposal which was enacted and became effective January 1, 1966. In

§ 3 of said Article 42.13, supra, there is a provision regarding the defendant's application or motion for probation. It provides in § 3(a)(1) that "he applies in writing *to the court* for probation before trial." § 3(c) requires that the application be under oath and reflect certain matters. § 3(b) provides in part: "If a defendant satisfies the requirements of Section 3(a)(1), (2), (3), and (4) of this Article, *and the jury hearing his case recommends probation in its verdict,* the court must grant the defendant probation. . . . " (Emphasis supplied.) While § 3 has been amended[2] since the article was enacted in 1965, the wording above has not changed. Article 42.13, supra, is awkwardly worded in may parts and the above quoted portion of § 3 is no exception. It would appear that every application or motion for misdemeanor probation must be made in writing "to the court" regardless of whether the defendant intends to actually apply to the jury for the same or not. To further add to the confusion is the phrase "and the jury hearing his case recommends probation in its verdict, the court must grant the defendant probation." All of this is subject to the possible interpretation that where the defendant has applied for probation "to the court" but a jury is hearing his case the jury must determine the issue of probation.

It should be recalled that after the enactment of the 1965 Code of Criminal Procedure, which contained Articles 37.07, 42.12 and 42.13, Article 37.07, § 2(b), supra, as originally enacted, was amended in 1967 to provide:

"If a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that (1) in capital cases where the state has made it known in writing prior to trial that it will seek the death penalty, (2) in any criminal action where the jury may recommend probation and the defendant filed his sworn motion for probation before the trial began, and (3) in other cases where the defendant so elects in writing

2. Acts 1967, 60th Leg., p. 1746, ch. 659; Acts 1975, 64th Leg., p. 910, ch. 341.

at the time he enters his plea in open court, the punishment shall be assessed by the same jury. . . . " (Acts 1967, 60th Leg., p. 1739, ch. 659, eff. Aug. 28, 1967).

Following the wake of *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), the statute was again amended to eliminate reference to capital cases where the State sought the death penalty but the other two exceptions to the judge assessing punishment were retained. (Acts 1973, 63rd Leg., p. 971, ch. 399, eff. Jan. 1, 1974.) In the same legislative session the section was again amended in light of the new statutory scheme for capital murder. The wording of that portion of Article 37.07, supra, is the same as set out in the beginning of this opinion (Acts 1973, 63rd Leg., p. 1126, ch. 426, eff. June 14, 1973).

It is clear from the foregoing background that the exception to the judge assessing punishment where a motion for probation has been filed contained in the current version of Article 37.07, supra, has application in felony cases only where the defendant has made a motion for probation seeking the same from the jury. It would not apply where the probation motion was directed to the trial judge in a felony case. Therefore, a defendant charged with a felony may have a jury at the guilt stage of his bifurcated trial, but he would not be required to have that jury pass on punishment and the issue of probation where he had made a motion for probation directed to the court, unless, of course, his case fell within one of the three exceptions contained in the statute. Is a different procedure called for in misdemeanor cases? I conclude that it is not. Despite the awkward language of Article 42.13, supra, and the fact the exception here involved in Article 37.07, supra, could have been written with great clarity, I believe the Legislature intended for there to be a uniform procedure with regard to the duty of assessing punishment regardless of whether the case is a felony or a misdemeanor case governed by Article 37.07, supra. To hold otherwise would mean that in every misdemeanor case governed by Article 37.07, supra, a defendant who had filed

a motion for probation could not have a jury at the guilt stage of the trial unless the same jury passed on punishment and the issue of probation at the penalty stage of the trial despite his wishes to the contrary. While I realize that the wording of Article 42.13, supra, requires every probation application or motion in a misdemeanor case be directed "to the court," the motion can be worded to leave no doubt as to whether the defendant seeks probation at the hands of the judge or the jury.

I would hold that the exception in Article 37.07, supra, to the judge's responsibility of assessing punishment here under discussion has application only where the defendant's application or motion for probation is directed to the jury, regardless of whether the case involves a felony or misdemeanor prosecution.

I agree with the majority that the instant case can be distinguished from *Dickson v. State*, 492 S.W.2d 267 (Tex.Cr.App.1973). While it would have been better practice for the appellant to have objected to the failure of the court to discharge the jury after the guilt stage of the trial had been concluded, the court had already made its ruling clear on two prior occasions that it would not assess punishment. While the record does not offer us the basis for the trial court's ruling, I do not conclude that a third effort to obtain a different ruling is required before this court will review the matter on appeal. As there is nothing to show that the appellant changed his election as to who should assess punishment, I agree the trial court erred in permitting the jury to assess punishment.

For the reasons stated, I concur.